IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHANTA PHILLIPS,                    :

    Petitioner,                     :

vs.                                 :        CIVIL ACTION 06-00816-KD-B

GRANTT CULLIVER,                    :

    Respondent.                     :

## REPORT AND RECOMMENDATION

Shanta Phillips, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1).  The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Following a complete review of this action, the undersigned recommends that the petition be dismissed as barred by the statute of limitations.

## FINDINGS OF FACT

Phillips was convicted on March 30, 2004, by a jury in the Mobile County Circuit Court of one count of capital murder and four counts of attempted murder.  He was sentenced to life imprisonment without the possibility of parole on the capital murder conviction,

and four terms of life imprisonment, to be served concurrently, on the four attempted murder convictions. (Docs. 1, 9, 12).  Phillips appealed to the Alabama Court of Criminal Appeals, which affirmed his convictions on March 11, 2005. (Doc. 9, Ex. A).  Phillips' subsequent application for rehearing was overruled by the appellate court on April 1, 2005. (Doc. 9, Ex. B).  The Alabama Supreme Court denied Phillips' petition for writ of certiorari and issued a certificate of judgment on June 10, 2005. (Doc. 9, Ex. C).

On March 22, 2006[1], Phillips filed a petition for post-conviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.   The trial court, on May 12, 2006, denied Phillips' request to proceed in forma pauperis ("IFP"). (Docs. 1; 9; 12; 21, Ex. I, p. 45).  Phillips filed a petition for writ of mandamus with the Alabama Court of Criminal Appeals and argued that the trial court erred in denying his request to proceed in forma pauperis. Phillips' writ petition was denied on June 15, 2006. (Docs. 1; 12; 21, Ex. J, pp. 19, 22).   Thereafter, in June 2006, Phillips filed a mandamus petition with the Alabama Supreme Court.

---

[1]Petitioner alleges, and Respondent does not dispute, that Phillips filed his Rule 32 petition on March 22, 2006. See (Docs. 1, 9).  The record, however, contains varying dates.  See Attch. to Rule 32 Petition (Doc. 21, Ex. I, p. 41) (signature executed on March 29, 2006); Motion for Appointment of Counsel (Doc. 21, Ex. I, p. 56) (April 26, 2006); Case action summary (Doc. 21, Ex. I, pp. 1, 58, 60, 62, 64) (lists date as May 4, 2006).  In light of the inconsistent dates contained in the record, and because the outcome of the Court's analysis remains the same, for purposes of this report and recommendation, the Court assumes Phillips filed his Rule 32 petition on March 22, 2006.

(Doc. 9, Ex. D).  Upon review, the Alabama Supreme Court denied the petition on August 9, 2006.  The Court also denied a subsequent, nearly identical petition as a duplicate filing on October 24, 2006. (Doc. 9, Exs. E, F, G, K, J).  Then, on July 17, 2006, Phillips filed with the trial court a motion to reconsider the denial of his application to proceed IFP. The motion to reconsider was denied on July 31, 2006.(Doc. 21, Ex. I, pp.46, 58-65).

Phillips filed the instant petition seeking habeas corpus relief on November 27, 2006.[2]  In his petition, Petitioner raises the following claims: 1) he was denied due process of law because his convictions were supported by insufficient evidence; 2) he was denied due process of law because the trial court erroneously allowed the introduction of statements attributed to a coconspirator before the state proved the existence of a conspiracy; 3) his convictions for capital murder and four counts of attempted murder violated the Fifth Amendment's prohibition against double jeopardy; 4) the trial court erroneously refused to give his requested jury charges on the lesser included offenses of murder and manslaughter; 5) he was denied the effective assistance of trial counsel; and 6)

---

[2]Phillips did not sign the petition. However, the attachment to the petition is signed and dated November 27, 2006.  The Court will give Phillips the benefit of the doubt and assume he tendered his petition to prison officials for mailing on the date noted on the attachment. Accordingly, pursuant to the prison mailbox rule, the Court considers November 27, 2006, as the date of filing. Houston v. Lack, 487 U.S. 266, 271-272, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Washington v. United States, 243 F.3d 1299 (11th Cir. 2001).

he was denied effective assistance of appellate counsel.[3] (Doc. 1, Attch. 1).

Respondent's Answer to Phillips' habeas petition (Doc. 9) contains the defense that Petitioner is not entitled to habeas corpus review because his petition is barred by the one-year limitations period set for in the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1). Pursuant to the Court's Order dated March 19, 2008 (Doc. 20), Respondent filed an Amended Answer (Doc. 21) to Phillips' petition which provides additional documentation regarding the adjudication and dismissal of Petitioner's Rule 32 petition. For the reasons set forth herein, the undersigned recommends that the petition be dismissed as barred by the one-year statute of limitations.

### CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the April 24, 1996, enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." A judgment becomes "final" on the date on which the U.S. Supreme Court issues a

---

[3]It appears that with the exception of the ineffective assistance of counsel claims, the remaining claims raised by Phillips were raised and addressed during his direct appeal. (Docs. 9; 12).

decision on the merits of the petitioner's direct appeal, denies

certiorari, or after the expiration of the 90-day period in which

the petitioner could have filed such a petition. <u>Bond v. Moore</u>, 309

F.3d 770, 773 (11th Cir. 2002). The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application
for a writ of habeas corpus by a person in custody pursuant to the
judgement of a State court.  The limitations period shall run from
the latest of–

     (A) the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for
seeking such review;

     (B) the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws of
the United States is removed, if the applicant was prevented from
filing by such State action;

     (C) the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has been
newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

     (D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the exercise of
diligence.

(2) The time during which a properly filed application for State
post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection.


28 U.S.C. § 2244(d).

     In the case at bar, the Alabama Supreme Court denied Phillips'

petition for certiorari and entered a certificate of judgment on

June 10, 2005.  Thus, Phillips' conviction became final on September

8, 2005, that is, when the 90 day period in which Phillips could

have sought direct review of his conviction in the U.S. Supreme

Court expired. See Pugh v. Smith, 465 F.3d 1295, 1298-99 (11th Cir. 2006) ("Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner's petition for a writ of habeas corpus is governed by a one-year statute of limitations, and that year commences on the date the conviction becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.' ... This statute of limitations allows a prisoner the time to seek direct review in the Supreme Court of the United States.... If a prisoner petitions the Supreme Court for a writ of certiorari, his conviction becomes final when the Supreme Court denies the petition or affirms the conviction.... If he does not petition the Supreme Court, the prisoner's conviction becomes final when the time for filing that petition expires.") (internal citations omitted); Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008) ("A judgment of conviction becomes final when 'the Supreme Court has had an opportunity to review the case or the time for seeking review has expired.' Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000)."); see also Rule 13.1, Rules of the United States Supreme Court (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, the AEDPA limitations clock began on September 9, 2005, and Phillips had 365 days from that

date, or until September 11, 2006[4], to file his federal habeas petition.    As noted supra, Phillips' petition was not filed with this Court until more than a month later, on November 27, 2006.  As a result, unless Phillips can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition must be dismissed as untimely.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See Holland, 539 F.3d at 1338.   In determining if a state petition is "properly filed," deference is given to state procedural rules governing filings, with the caveat that the state rule must be "firmly established and regularly followed." Wade v. Battle, 379 F.3d 1254, 1259-60 (11th Cir. 2004) ("The Supreme Court in Artuz determined that 'an application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.'... The Supreme Court explained that laws and rules governing filings 'usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and *the requisite filing fee*.'") (citing Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213

---

[4]Because the expiration of the limitations period fell on Saturday, September 9, 2006, the time for Phillips to file his habeas petition in this Court was automatically extended to Monday, September 11, 2006. See Fed.R.Civ.P. 6(a).

(2000)) (emphasis added).  Simply put, "proper filing is usually a matter of meeting basic, formal filing requirements." Estes v. Chapman, 382 F.3d 1237, 1239 (11th Cir. 2004).

Further, to be "properly filed," the application must be "delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000).  The Supreme Court has made clear that the question of whether an application was "properly filed" is distinct from the question of whether the claims asserted in the application were meritorious and free of any procedural bar. Id. at 9, 121 S.Ct. at 364. In this case, Phillips filed a Rule 32 petition collaterally attacking his convictions and sentences on March 22, 2006; however, his petition was not properly filed. Specifically, Phillips' petition was not properly filed with the state court because he failed to pay the requisite filing fee, and he failed to meet that court's requirements for proceeding in forma pauperis.[5]  Bailey v. Barrow, 2005 U.S. Dist. LEXIS 22465, at *9 (S.D. Ga. Sept. 8, 2005)("A state prisoner's failure to satisfy conditions to filing, such as making applicable fee payments or

---

[5]According to Respondent, Petitioner's prison account reveals that he received $900, an amount well above the state filing fee, from relatives during 2005 to 2006, and that the trial court's denial of Phillips' IFP status was within its discretion. (Doc. 21, Ex. I, pp. 5, 50).
    If Phillips' petition was accepted erroneously by the trial court clerk without the required filing fee, for example, it would be considered "pending" but not "properly filed." Artuz, 531 U.S. at 9, 121 S. Ct. at 364.

complying with procedures for proceeding *in forma pauperis*, forecloses the possibility of tolling under § 2244(d)(2)."); see also Satterfield v. Johnson, 434 F.3d 185, 192 (3d Cir. 2006) (observing that conditions of filing which prevent a state petition from being "properly filed" include: "untimely filing, absence of jurisdiction, failure to pay fees, and failure to obtain a requite certificate of appealability"). Cf. Hurley v. Moore, 233 F.3d 1295 (11th Cir. 2000) (finding that state habeas petition was not "properly filed" due to the petitioner's failure to include the written oath required under Florida law); Runyan v. Burt, 521 F.3d 942 (8th Cir. 2008) (rejecting state petition as improperly filed where Petitioner failed to pay the filing fee and to include the proper verification).  Plainly stated, Phillips' petition was not a "properly filed" application for post-conviction relief with the state court because he failed to pay the requisite filing fee, and he failed to meet the state court's requirements for proceeding *in forma pauperis*.   Thus, the Rule 32 petition had no tolling effect under § 2244(d)(2).

Likewise, Phillips' applications for writ of mandamus, which were filed in the Alabama Court of Criminal Appeals and the Alabama Supreme Court and were subsequently denied, had no tolling effect. In the mandamus petitions, Phillips sought a reversal of the trial

court's denial of his application to proceed IFP[6]. The mandamus petitions provide no aid to Phillips because "[a] petition for writ of mandamus does not toll the [AEDPA's one year] limitations period." <u>Moore v. Dretke</u>, 2006 U.S. Dist. LEXIS 881, at * 6 (N.D. Tex. Jan. 12, 2006).  Specifically, Phillips' mandamus petitions did not attack his judgment of conviction, nor did they request any relief from his criminal conviction or sentence.  Instead, Phillips sought to compel the trial court to grant him IFP status.  Clearly, the circumstances surrounding Phillips' criminal conviction were not relevant to the adjudication of his applications for mandamus and had no bearing on whether the trial court should have been directed to perform its duty. <u>See</u> <u>Moore v. Cain</u>, 298 F.3d 361, 367 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1360 (2003) ("[Petitioner's] application [for writ of mandamus] did not seek review of the judgment. Instead, it sought a directive that the trial court rule. Accordingly, the mandamus application did not toll the limitations period; it was not a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment.'").  Because Phillips' mandamus petitions did not constitute "properly filed application[s] for State post-conviction or other collateral review with respect to the pertinent

---

[6]In Alabama, a writ of mandamus "is the proper method by which to compel the circuit court to proceed on an in forma pauperis petition." <u>Goldsmith v. State</u>, 709 So. 2d 1352, 1353 (Ala. Crim. App. 1997).

judgment," the limitations period was not tolled.[7]

Accordingly, because neither Phillips' Rule 32 petition nor his petitions for writ of mandamus constitute "properly filed" applications for state post-conviction relief, they had no tolling effect on the running of the AEDPA limitation period.[8] In the

---

[7]In fact, courts in this circuit and others have held that post-conviction petitions, such as mandamus petitions, which do not directly challenge the underlying conviction or sentence, do not trigger the tolling provisions of the AEDPA. <u>Moore v. Cain</u>, 298 F.3d at 367; <u>see</u>, <u>e.g.</u>, <u>Brown v. Sec'y for the Dep't of Corr.</u>, 530 F.3d 1335 (11th Cir. 2008) (motion for post-conviction DNA testing); <u>Robinson v. McDonough</u>, 2007 WL 809783 (N.D. Fla. Mar. 14, 2007) (mandamus); <u>Crompton v. Crosby</u>, 2005 WL 3527298, *9 (N.D. Fla. Dec. 21, 2005) (mandamus and "motion to be heard"); <u>Bridges v. Johnson</u>, 284 F.3d 1201 (11th Cir. 2002) (petition to review and modify sentence); <u>Branham v. Ignacio</u>, 83 Fed. Appx. 208 (9th Cir. 2003) (mandamus); <u>May v. Workman</u>, 339 F.3d 1236 (10th Cir. 2003) (mandamus and motion for transcripts); <u>Lookingbill v. Cockrell</u>, 293 F.3d 256 (5th Cir. 2002) (motion for appointment of habeas counsel).

[8] Assuming arguendo that the Court found that Phillips' Rule 32 petition, filed on March 22, 2006, was properly filed and therefore tolled the limitations period, 195 days of the one year limitation period had already elapsed by the time Phillips filed his Rule 32 petition.  When Phillips' Rule 32 petition was dismissed and his request to proceed *in forma pauperis* was denied on May 12, 2006, the limitations clock started again, and only 170 days remained within the AEDPA limitations period.  Because Phillips' applications for writ of mandamus did not toll the limitations period, the AEDPA limitations clock continued to run. Sixty-six (66) days elapsed before Phillips filed his motion to reconsider the denial of his application to proceed IFP on July 17, 2006.  Once again, *assuming arguendo* that the motion to reconsider the denial of his application to proceed IFP tolled the limitations period, upon its denial on July 31, 2006, Phillips would have had 104 days remaining in which to file his habeas petition.  Phillips however filed his federal habeas petition on November 27, 2006, or 119 days later.  Thus, even assuming arguendo that Phillips' Rule 32 petition effectively tolled the limitations period, his federal habeas petition was, nevertheless, untimely filed.

absence of tolling, Phillips' federal habeas petition, which was not

filed with this Court until November 27, 2006, was untimely filed.

Before recommending the dismissal of Phillips' petition for

habeas relief as untimely, the undersigned must determine whether

he has pled extraordinary circumstances which require a contrary

conclusion.  The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a
> jurisdictional bar.  Therefore, it permits equitable
> tolling "when a movant untimely files because of
> extraordinary circumstances that are both beyond his
> control and unavoidable even with diligence." Sandvik v.
> United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)].
> Equitable tolling is an extraordinary remedy which is
> typically applied sparingly.  See Irwin v. Dept. Of
> Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112
> L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  See also

Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618-19 (3rd

Cir. 1998)("equitable tolling is proper only when the 'principles

of equity would make [the] rigid application [of a limitation

period] unfair.'... [g]enerally, this will occur when the

petitioner has 'in some extraordinary way...been prevented from

asserting his or her rights.'...[t]he petitioner must show that he

or she 'exercised reasonable diligence in investigating and

bringing [the] claims.'... [m]ere excusable neglect is not

sufficient.").  Moreover, in the Eleventh Circuit, as a general

rule, "the 'extraordinary circumstances' standard applied in this

---

circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y of Dep't. of Corr., 259 F.3d 1310, 1314 (11th Cir.), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Phillips argues that "under the construction advanced by the respondent, of the meaning of properly filed, the State courts could just simply deny an indigent defendant [sic] properly submitted request to proceed IFP, and it would forever foreclose the defendant from obtaining review of his conviction based on the State created procedural bar." (Doc. 12, p. 11). Phillips urges this Court to find that the limitations period was equitably tolled. (Id. at 5). As noted above, equitable tolling is proper when a petitioner has, in some extraordinary way, been prevented from asserting his own rights, and fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. Steed, 219 F.3d at 1300.  The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy.  Drew, 297 F.3d at 1286.  The circumstances surrounding Phillips' case fail to demonstrate that he is entitled to the equitable tolling of the AEDPA's statutory limitations period.

In his Traverse to Respondent's Answer (Doc. 12) and his

Response to Respondent's Amended Answer (Doc. 22), Phillips merely reasserts arguments repeatedly rejected by the Alabama state courts, namely that the trial court erroneously denied his request to proceed IFP during his Rule 32 proceedings and that his subsequent mandamus petitions were improperly denied. In addition, it appears Phillips contends that because he was denied IFP status, he was unable to perfect his Rule 32 petition, and that this, in turn, inhibited his ability to file his habeas petition. The record reflects, however, that after the trial court denied Phillips' IFP motion and dismissed his Rule 32 on May, 12, 2006, Phillips still had until September 11, 2006 to timely file a federal habeas petition. Simply put, the record is devoid of any evidence that Phillips was prevented from timely filing his habeas petition following the denial of his motion to process IFP and the dismissal of his Rule 32 petition. Thus, Phillips has failed to show that extraordinary circumstances justify equitable tolling or that he was somehow mislead by the State.

In sum, Phillips' contentions do not provide a plausible explanation for the untimely filing of his habeas petition or support for equitable tolling of the AEDPA limitations period. Phillips has failed to establish the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in

bringing forth his habeas petition.  He has also failed to allege,

let alone offer, any evidence that suggests that he is actually

innocent of the offenses for which he was convicted.   W h e r e

Respondent has asserted the defense of statute of limitations and

Petitioner has failed to meet his burden of establishing

extraordinary circumstances which would justify the equitable

tolling of AEDPA's limitations period, the case is to be dismissed

as time-barred. Accordingly, the undersigned finds that because

Phillips has neither demonstrated actual innocence, nor established

that equitable tolling is warranted in this case, his federal habeas

petition should be dismissed as time-barred, and judgment should be

entered in favor of Respondent.

### CONCLUSION

For the reasons set forth above, it is the opinion of the

undersigned Magistrate Judge that Phillips' petition for habeas

corpus relief should be **DENIED**.[9]  It is so recommended.

The attached sheet contains important information regarding

objections to this recommendation.

---

[9]In light of the instant Report and Recommendation,
Phillips' requests for appointment of counsel, for an evidentiary
hearing, and for a new trial, imbedded in his petition (Doc. 1),
are **DENIED.**  A review of Phillips' Complaint and pleadings do not
reveal  the presence of "facts and legal issues [which] are so
novel or complex as to require assistance of a trained
practitioner." Kilgo v. Ricks, 983 F.2d 189, 193(11th Cir. 1993);
Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992)

DONE this **15th** day of **September, 2009**.

                              /s/ SONJA F. BIVINS
                              UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of

17

the transcript.